# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES,**
**Defendant Below, Petitioner**

**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-129**          (Cir. Ct. of Berkeley Cnty., No. CC-02-2021-AA-6)

**LYDIA DOWNS-JAMAL,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner West Virginia Department of Health and Human Resources ("Department") appeals the August 29, 2022, amended order of the Circuit Court of Berkeley County. Respondent Lydia Downs-Jamal filed a summary response in support of the circuit court's order.[1] The Department filed a reply brief. The issue on appeal is whether the circuit court erred in reversing the decision of the West Virginia Department of Health and Human Resources Board of Review ("Board"), which had affirmed the Department's decision to cancel the childcare subsidy agreement between the Department and the childcare facilities owned and operated by Ms. Downs-Jamal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law but that there is error in the circuit court's order. Accordingly, a memorandum decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure. For the reasons below, the circuit court's order is affirmed, in part, and reversed, in part, and the matter is remanded to circuit court with instructions.

Ms. Downs-Jamal is a licensed childcare provider, doing business as Laugh N' Play Clubhouse, LLC, which has two locations in Berkeley County. As part of her business, Ms. Downs-Jamal entered into a Provider Services' Agreement ("PSA") with the Department to receive reimbursement for childcare services through subsidy payments for eligible children at her facilities. The PSA is governed by the Department's Child Care Subsidy Policy and Procedures Manual ("Subsidy Policy"). Generally, the Subsidy Policy provides that subsidy payments are to be based on an eligible child's attendance at the facility.

---

[1] The Department is represented by Randy K. Miller, Esq., and Ms. Downs-Jamal is represented by Christian J. Riddell, Esq.

1

However, in response to the COVID-19 pandemic, the Department implemented temporary procedural changes to the Subsidy Policy. By memorandum dated March 20, 2020, the Department informed its childcare providers that subsidy payments would be based upon the enrollment of eligible children, not by attendance. The memorandum further indicated that the subsidy payments would be based upon what is considered normal attendance for each child and that the facilities could bill for these children even if the provider had closed its facility due to the pandemic.

In October 2020, the Department informed childcare providers that this policy had again been modified; this time to require that a subsidy-eligible child must attend the facility at least one day per month for the provider to receive subsidy payments for the days during the month when the child was absent. Ms. Downs-Jamal's facilities used a computer-based application to log children in and out of its facilities each day. At the heart of this case are the facilities' attendance records and the corresponding subsidy payments Ms. Downs-Jamal received during this time.

MountainHeart Community Services, Inc. ("MountainHeart") is a contract agency working with the Department and is charged with administering its childcare subsidy program. On November 9, 2020, MountainHeart sent a letter to Ms. Downs-Jamal indicating that her October 2020 billing statements included subsidy-eligible children who, according to MountainHeart's records, no longer designated her facilities as their childcare provider. In response, Ms. Downs-Jamal submitted documentation to MountainHeart to address these purported discrepancies. Following an audit of the facilities' attendance records, MountainHeart determined that there were discrepancies related to these attendance records and the corresponding subsidy payments. In sum, MountainHeart alleged that since March 2020, Ms. Downs-Jamal had improperly received subsidy payments for children who had not returned to her facilities in several months.

On March 16, 2021, the Department notified Ms. Downs-Jamal, in writing, that it was canceling her PSA, effective March 29, 2021. This cancelation prohibited her from receiving further subsidy payments. This notice is governed by Subsidy Policy § 11.2.1, which requires all notices regarding Department actions under this policy to include the following: the action or proposed action to be taken, Subsidy Policy § 11.2.1.1; the reasons for the action provided in terms readily understandable by the applicant, Subsidy Policy § 11.2.1.2; and the citation of relevant policy sections to support the action taken or proposed, Subsidy Policy § 11.2.1.3.

As it relates to those requirements, the notice stated the cancelation was based on Subsidy Policy § 7.7.3 (Accuracy of Records), Subsidy Policy § 8.8.2.3.F (stating that revocation of a PSA at one location, results in PSA revocations for all locations operated by the same provider), as well as the Payment of Services and Cancellation sections of the parties' PSA. The notice did not contain any information related to the specific facts the Department relied upon to find a violation of the Subsidy Policy and PSA had occurred.

Ms. Downs-Jamal timely appealed this decision to the Board, and a final hearing was scheduled to be held on May 21, 2021. On May 12, 2021, the Department responded to Ms. Downs-Jamal's discovery requests. After receiving discovery, Ms. Downs-Jamal moved for the Board to dismiss the Department's ruling due to insufficient notice. Specifically, Ms. Downs-Jamal argued that the notice failed to comply with Subsidy Policy § 11.2.1.2 because it failed to contain any information to provide her with sufficient notice of the facts supporting the Department's cancelation of the PSA. Alternatively, Ms. Downs-Jamal moved to continue the final hearing due to the Department providing discovery shortly before the scheduled hearing, which was allegedly several weeks after it was requested. Therefore, she argued that there was not enough time to adequately review discovery and prepare for the hearing. It was also alleged that it was not until discovery was received that Ms. Downs-Jamal became aware, for the first time, of the specific facts relied upon by the Department. The Board denied both motions and the final hearing proceeded as scheduled.[2]

As part of the final hearing, Ms. Downs-Jamal was permitted to place her argument regarding insufficient notice from the Department on the record. On June 23, 2021, the Board issued its written decision. In its order, the Board found sufficient evidence had been presented to support the Department's cancelation of the PSA and cessation of subsidy payments to Ms. Downs-Jamal. Addressing Ms. Downs-Jamal's objection regarding improper notice, the Board cited the notice requirements under Subsidy Policy § 11.2.1 and, without elaboration, concluded, "[t]he March 16, 2021, notice of termination of [Ms. Downs-Jamal]'s PSA met the notice required by policy."

Ms. Downs-Jamal appealed the Board's decision to circuit court, and a hearing was held on July 25, 2022. According to the transcript, the entire hearing was spent on arguments from the parties' counsel regarding the issue of notice and due process, which the circuit court considered to be the most significant issue. Counsel for the Department acknowledged that the notice could have been more detailed, but that as written, it contained enough information to fully put Ms. Downs-Jamal on notice. Neither party disputed that the Board denied Ms. Downs-Jamal's motions during a pre-hearing conference, nor was it disputed that in doing so, the Board gave little justification for the denial on the record. However, despite these concessions, the Department argued that the Board acted within its discretion.

---

[2] Based upon the representations made in the transcripts of the hearings held before the Board on May 21, 2021, and subsequently made before the circuit court on July 25, 2022, the Board denied both requests during a pre-hearing conference that was held prior to the final hearing. These representations also suggest that a transcript and order from that proceeding exists. However, the appendices submitted herein do not include that transcript, nor do they include an order from the Board regarding those findings.

The circuit court disagreed and concluded that the Department had, among other things, failed to comply with the notice requirements it adopted under the Subsidy Policy requiring the Department to provide the reasons or basis for its decision.[3] Particularly, the circuit court determined that the Department's notice failed to provide sufficient notice of the facts that the Department relied upon in its decision and that this failure prohibited Ms. Downs-Jamal from adequately preparing for the final hearing before the Board. The circuit court issued its findings in an amended order on August 29, 2022. In that order, the circuit court reversed the Board's decision and remanded the case to the Board for a new hearing, as well as found that Ms. Downs-Jamal was entitled to all back monies withheld by the Department because of the cancelation of the PSA. Critically, the order expressly stated that its decision was not a ruling on the merits, but rather, that it was based solely on the issues of notice and due process. It is from this decision that the Department now appeals.

In this case, we are presented with an appeal of a circuit court order, which reversed the decision of an administrative agency. Regarding our standard of review, "[i]t is well-established that '[o]n appeal, this Court reviews the decisions of the circuit court under the same standard of judicial review that the lower court was required to apply to the decision of the administrative agency.'" *Far Away Farm, LLC v. Jefferson Cnty. Bd. of Zoning Appeals*, 222 W. Va. 252, 256, 664 S.E.2d 137, 141 (2008) (quoting *Webb v. W. Va. Bd. of Med.*, 212 W. Va. 149, 155, 569 S.E.2d 225 (2002)). With respect to our review of contested Board decisions, West Virginia Code § 9-2-13(j) (2018) provides:

> The court may affirm the final decision or order of the agency or remand the matter for further proceedings. The court may reverse, vacate or modify the final decision or order of the agency only if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, decision or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion.

---

[3] In its order, the circuit court also found that the subsidy payments created a property right, which required due process of law. Therefore, the circuit court concluded that the Board's failure to grant the motion to continue following late discovery violated Ms. Downs-Jamal's constitutional due process rights because it denied her the right to a meaningful hearing. However, because we are affirming on other grounds, we will not address the merits of the circuit court's property right or due process determinations in this appeal.

Upon review, we find no error in the circuit court's determination that the Department's March 16, 2021, notice was inadequate because it did not comport with the notice requirements set forth under the Subsidy Policy. Specifically, the circuit court found, and we agree, that the Department's notice failed to provide Ms. Downs-Jamal with sufficient notice of the facts it relied upon to cancel the PSA and discontinue the subsidy payments.

The plain language of Subsidy Policy § 11.2.1.2 clearly requires the Department to provide, "the reasons for the action provided in terms readily understandable by the applicant." However, we find that nothing within the four corners of the March 16, 2021, notice complies with this requirement. While the notice does identify the Department action being taken, in addition to the relevant policy sections in compliance with Subsidy Policy §§ 11.2.1.1 and 11.2.1.3, the Department failed to include any facts to support its decision. For example, the notice should have, at a minimum, identified the specific child(ren) whose attendance and subsidy payments were at issue, along with the dates of the alleged misconduct and payment amounts. Such facts are integral to providing proper notice, but the Department failed to include the same. This is further compounded by the fact that the Department conceded that the notice was deficient at the hearing before the circuit court. Therefore, we conclude the Department's notice failed to comply with its own policy and was insufficient to put Ms. Downs-Jamal on notice of the facts and circumstances that led to the Department's action regarding the PSA.

While we concur with the circuit court's findings as to insufficiency of the notice provided to Ms. Downs-Jamal, we do not agree with the circuit court's determination that she was entitled to payment of all monies that were withheld by the Department following its cancelation of the PSA and the related subsidy payments. To reach a determination on Ms. Downs-Jamal's entitlement to the monies withheld by the Department would necessarily require the circuit court to rule on the merits of the case. Here, the circuit court's order expressly stated that it was not issuing a ruling on the merits, but instead found the notice provided to Ms. Downs-Jamal was insufficient. The issue of monies withheld was not addressed in the Board's original order that was appealed to circuit court, and based upon the parties' pleadings filed herein, there seems to be a significant dispute over what sum, if any, Ms. Downs-Jamal would be entitled to if she were to prevail on appeal. In this instance, because the circuit court sat as an appellate court, that determination must be initially reserved for the Board as trier of fact. Likewise, because the circuit court reversed the Board's decision and remanded the matter to the Board for a new hearing, the issue was not ripe for the circuit court's consideration and must be reversed.

Accordingly, for the reasons set forth herein, we affirm the circuit court's order on the limited issue of notice under the Department's policy and reverse the circuit court's finding that Ms. Downs-Jamal's was entitled to back payment by the Department. Further, we remand this matter to the circuit court for entry of an order remanding the matter to the

5

Board for a new hearing, and thereafter the entry of a new order, consistent with this decision.

Affirmed, in part, Reversed, in part, and Remanded with Instructions.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen